UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN DEAN HILL,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS MILLBANK,<br><br>Defendants. | 2:25-cv-0782-CKD P<br><br><br>ORDER |

Plaintiff is detained at the El Dorado County Jail and seeks relief under 42 U.S.C. § 1983. He proceeds without counsel and requests to proceed in forma pauperis. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1).

**I.    In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to

the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "naked assertions" or "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.    Allegations in the Complaint

Plaintiff alleges defendants Eslick, Millbank, and Cemo at the El Dorado County Jail violated his rights by placing him in isolation and segregation and harassing him. (ECF No. 1 at 3-4.) Plaintiff alleges they acted because plaintiff helps other prisoners file civil rights complaints and acts as a "jailhouse lawyer." (Id. at 3-4.) Plaintiff has been attacked in his cell and the jail keeps making up violations against him. (Id. at 4.)

On February 27, 2025, Lieutenant Eslick had Sergeant Millbank move plaintiff to a medical isolation cell even though plaintiff does not have medical needs for such placement. (ECF No. 1 at 4-5.) Plaintiff panicked from being alone and used water from the toilet to flood the cell. (Id.) Officers cleaned up the water but would not talk to plaintiff or help him, so plaintiff

smeared feces on the cell window. (Id.) Plaintiff cleaned the window when C/O Verdin promised to bring a phone, but plaintiff did not get the phone and got written up. (Id.)

Sergent Cemo attacked plaintiff in his cell on February 11, 2025, and has been harassing plaintiff for weeks, trying to get plaintiff to snap. (ECF No. 1 at 6.) Every morning Sergeant Cemo wakes plaintiff at 4:00 to cuff up and be moved to booking before returning to his cell at 5:30 after med pass. (Id.) Under Sergeant Pomoroy's watch, in contrast, plaintiff received his medications at his cell for two days with no issues. (Id.)

### IV.  Discussion

A pretrial detainee may not be subjected to restrictions and/or conditions of confinement that violate an express constitutional guarantee, or that amount to "punishment" under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a right secured by the Constitution or laws of the United States was violated and (2) the violation was committed by a person or entity acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's allegations do not state a claim for the following reasons.

First, a bare allegation that a defendant "attacked" plaintiff in his cell is too vague and conclusory to state an excessive force claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)). In order to state a Fourteenth Amendment excessive force claim, plaintiff must allege specific facts showing (1) the defendant purposely and knowingly used force against him; and (2) the force used was objectively unreasonable. See Kingsley v. Hendrickson, 576 U.S. 389, 396 (2015).

Second, conclusory allegations of retaliation do not adequately allege a violation of plaintiff's First Amendment rights. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). ("a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Plaintiff's allegations reasonably suggest he engaged in protected conduct, but he does not plead a chronology of events or other facts allowing inference of a causal connection between his jailhouse lawyer activity and any adverse actions taken by the defendants. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct). Plaintiff's speculation and conclusion that defendants' conduct was motivated by a desire to retaliate does not suffice to state a claim. See Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.").

Plaintiff's other allegations also do not state a conditions of confinement claim. Under the applicable "objective deliberate indifference standard," a detainee must establish the following elements: "(1) The defendant made an intentional decision with respect to the conditions [of confinement]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." Sandoval v. Cnty. of San Diego, 985 F.3d 657, 669 (9th Cir. 2021). To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." Id. (citation omitted).

Plaintiff's allegations do not suffice to suggest any defendant's conduct amounted to unconstitutional punishment in violation of Fourteenth Amendment. The court cannot draw the inference that a defendant acted for the purpose of harming plaintiff, as opposed to acting for reasons that were legitimate penological objectives. Conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' right to be free from

punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984).

V. **Leave to Amend**

Plaintiff is granted leave to amend these claims. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

VI. **Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

Your complaint is being dismissed with leave to amend because you have not alleged sufficient facts that state any claim for relief. You have an opportunity to file an amended complaint containing more specific factual allegations about what happened that violated your rights.

VII. **Order**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 5) is GRANTED.
2. Plaintiff's complaint is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: August 19, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, hill0782.scrn