UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ALAN DEAN HILL,

Plaintiff,

v.

NICHOLAS MILLBANK, et al.,

Defendants.

2:25-cv-0782-CKD P

ORDER

Plaintiff is detained at the El Dorado County Jail and seeks relief under 42 U.S.C. § 1983. He proceeds in forma pauperis and without counsel. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint ("FAC") is before the court for screening. (ECF No. 12.)

The FAC states a potential First Amendment retaliation claim against defendants Cemo and Eslick and a potential Fourteenth Amendment due process conditions of confinement claim against defendant Millbank. Plaintiff may proceed on the FAC as screened with these claims or plaintiff may file a further amended complaint under the guidelines set forth below.

I.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "naked assertions" or "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.    Plaintiff's Allegations in the Complaint

Plaintiff alleges that on February 27, 2025, he filed grievance 6362 citing continuous retaliation and harassment by Sergeant Cemo since February 11, 2025. (ECF No. 12 at 4.) The grievance made it to Lieutenant Jonathan Eslick, who had on February 11, 2025, attempted to smash plaintiff's head into a wall while plaintiff was handcuffed and leg shackled. (Id.) Defendants Cemo and Eslick placed plaintiff in medical segregation and did so in retaliation for filing a grievance and to stop plaintiff from engaging in further protected conduct such as filing his 1983 claim. (Id. at 4-5.) The placement in solitary confinement was cruel and unusual punishment and interfered with work on his criminal case. (Id.) Sergeant Cemo and Sergeant Millbank agreed to the move even though they knew plaintiff was housed in a medical segregation cell in 2022 to the effect of torture. (Id. at 4.)

## III.    Discussion

The court takes judicial notice that in Hill v. Eslick, et al., No. 2:25-cv-0748-DAD-JDP, another case pending in this district court, plaintiff proceeds on claims under 42 U.S.C. § 1983 against defendants Cemo and Eslick relating to use of force incidents that allegedly occurred on February 11, February 16, and February 18, 2025. See Fed. R. Evid. 201(b); Bennett v.

2

Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (courts may take judicial notice of records and filings of other court proceedings). While plaintiff references the February 11, 2025 incident in the FAC, it is now apparent the present case concerns conduct by defendants Millbank, Cemo, and Eslick that allegedly occurred subsequently. (See ECF No. 12 at 3.)

Within the prison or jail context, a viable claim of First Amendment retaliation entails five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his or her First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

In addition, a pretrial detainee may not be subjected to restrictions and/or conditions of confinement that violate an express constitutional guarantee, or that amount to "punishment" under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016).

Plaintiff states a potential First Amendment retaliation claim against defendants Cemo and Eslick and a potential due process conditions of confinement claim against defendant Millbank. Plaintiff does not state a potential retaliation claim against defendant Millbank because the facts alleged are insufficient for the court to infer a nexus between plaintiff's protected speech and any adverse action by defendant Millbank. Plaintiff does not state a potential substantive due process claim regarding conditions of confinement amounting to punishment against defendant Cemo or Eslick because the First Amendment explicitly covers their alleged conduct. See Hufford v. McEnaney, 249 F.3d 1142, 1151 (9th Cir. 2001) ("If, in a § 1983 suit, the plaintiff's claim can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the 'more subjective standard of substantive due process.'"").

Plaintiff does not state any claim regarding the fundamental constitutional right of access to the courts. Such a claim requires that the prisoner suffered an actual injury to a criminal appeal, habeas petition, or civil rights cases brought under 42 U.S.C. § 1983. See Lewis v. Casey, 518

3

U.S. 343, 346, 349, 354 (1996). Actual injury in this context is "actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348. The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy lost in order to give fair notice of the allegations. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3). The actual injury requirement for an access to courts claim applies to pretrial detainee. See Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004).

Plaintiff has not described an actual injury such as the inability to meet a filing deadline or present a claim or a specific remedy that was lost. General allegations that placement in medical segregation interfered with work on plaintiff's criminal case do not come close to stating a claim.

### IV.    Leave to Amend

Although it does not appear plaintiff could plead any additional facts to state further claims for relief, plaintiff is granted leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

### V.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

Your amended complaint states a potential retaliation claim against defendants Cemo and Eslick and a potential due process claim against defendant Millbank. You may proceed against the named defendants on those claims or file a further amended complaint. You must complete the attached notice and return it to the court within 30 days from the date of this order, along with any optional amended complaint.

////

////

////

4

**VI.    Order**

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's first amended complaint states a potential retaliation claim against defendants Cemo and Eslick and a potential due process claim against defendant Millbank; plaintiff may proceed on these claims or file a further amended complaint.

2. Within thirty (30) days of the date of this order, plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.

3. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  January 21, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, hill0782.scrn.fac.elect

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ALAN DEAN HILL,

Plaintiff,

v.

NICHOLAS MILLBANK, et al.,

Defendants

2:25-cv-0782-CKD P

NOTICE OF ELECTION

Check **one**:

_____    Plaintiff wants to proceed on the complaint as screened with a retaliation claim against defendants Cemo and Eslick and a due process claim against defendant Millbank. Plaintiff understands that by choosing to proceed on these claims, the court will construe this as a request to voluntarily dismiss the additional claims and any additional intended defendants pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

_____    Plaintiff wants to amend the complaint.

DATED: _____          _____
                                                                    Plaintiff

6